IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | | |
| Plaintiff/Counter-Defendant, | | CIVIL NO. 10-1796 |
| v. | | **OPINION** |
| SALVATORE ALESI, GMAC MORTGAGE, ALLY BANK CORP., | | |
| Defendants/Counter-Claimants/Cross-Claimants/Counter-defendants/Cross-Defendants. | | |

<u>Appearances</u>:

MICHAEL JOSHUA NEEDLEMAN
SPECTOR GADON & ROSEN
7 PENN CENTER
1635 Market Street
6th Floor
PHILADELPHIA, PA 19103
*Attorney for plaintiff and counter-defendant Certain Underwriters at Lloyd's of London*

STANLEY B. CHEIKEN
261 OLD YORK ROAD
SUITE 503
JENKINTOWN, PA 19046
*Attorney for defendant, counter-claimant, and cross-defendant Salvatore Alesi*

BRIAN M. FLEISCHER
FLEISCHER & FLEISCHER
PLAZA 1000 AT MAIN STREET
SUITE 208
VOORHEES, NJ 08043
*Attorney for defendant, cross-claimant, and counter-claimant GMAC Mortgage, Ally Bank Corporation*

**HILLMAN,** District Judge

Before the Court is defendant GMAC Mortgage's ("GMAC") motion for reconsideration.  GMAC seeks reconsideration of the Court's denial of its motion for partial summary judgment against plaintiff Certain Underwriters at Lloyd's of London ("Lloyd's").  For reasons explained below, GMAC's motion for reconsideration will be denied.

### DISCUSSION

### A.    Standard for Motion for Reconsideration

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Pursuant to Rule 7.1(i), "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and a "brief setting forth

---

[1]    Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.  For the same reasons that plaintiff's motion is denied on the merits under the Local Rule, it is denied under the Federal Rules.  See Holsworth v. Berg, 322 Fed.Appx. 143 (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.").

concisely the matter or controlling decisions which the party believes the Judge ... has overlooked."  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999); see also L.Civ.R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001)(citation omitted); see also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F.Supp.2d at 612-13; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992); Egloff

v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J.
1988).  Absent unusual circumstances, a court should reject new
evidence which was not presented when the court made the contested
decision.  See Resorts Int'l, 830 F.Supp. at 831 n. 3.  A party
seeking to introduce new evidence on reconsideration bears the
burden of first demonstrating that evidence was unavailable or
unknown at the time of the original hearing.  See Levinson v. Regal
Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1,
1989).

     Moreover, L.Civ.R. 7.1(i) does not allow parties to
restate arguments which the court has already considered.  See G-69
v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  Thus, a difference
of opinion with the court's decision should be dealt with through
the normal appellate process.  Bowers, 130 F.Supp.2d at 612
(citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A.,
Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v.
Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL
Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516
(D.N.J. 1996) ("Reconsideration motions ... may not be used to
re-litigate old matters, or to raise arguments or present evidence
that could have been raised prior to the entry of judgment.").  In
other words, "[a] motion for reconsideration should not provide the
parties with an opportunity for a second bite at the apple."
Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998)

4

(citation omitted).

### B.   GMAC's Motion for Reconsideration

GMAC argues that the Court overlooked case law when it determined in its previous opinion that "GMAC has not presented any law that would support a theory that following a loss to real property, a mortgagee, who agrees to the sale of a property to a third party at a loss and accepts a certain sum in full and final satisfaction of the mortgage indebtedness, maintains an interest in receiving insurance proceeds." See Certain Underwriters at Lloyd's of London v. Alesi, --- F.Supp.2d ----, 2011 WL 6935015, at *15 (D.N.J. Dec. 30, 2011).[2]

The case GMAC claims was overlooked by the Court is Wolf v. Home Ins. Co., 100 N.J.Super. 27, 241 A.2d 28 (Law Div. 1968), aff'd 103 N.J.Super. 357, 247 A.2d 345 (App.Div. 1968). Wolf was decided in 1968 and was available to GMAC at the time when it filed its brief.[3]   Thus, Wolf is not intervening case law.   GMAC did not

---

[2]   The factual background was detailed in the Court's previous opinion and will not be repeated here.

[3]   GMAC states that under the holding of "Union Steel America Co." that the Court can consider case law not addressed by the Court at the time of the original decision.   GMAC provides no citation.   To the extent that GMAC meant to cite to Union Steel America Co. v. M/V Sanko Spruce, 1998 WL 531824 (D.N.J. Aug. 17, 1998), the argument is unavailing.   In Union Steel, the Court found defendants' claim that it "overlooked" cases they cited in their briefs to be "incorrect and somewhat disingenuous."   Id. at *2.   Nonetheless, the Court agreed to review the cases given that its previous consideration was to some degree "sua sponte" and involved complex issues of forum selection in Korea.   Id.   Here, the Court provided ample

cite to or rely on Wolf in support of its motion for summary judgment.

The purpose of a motion for reconsideration is not to permit parties to go back and research their argument after the Court's decision in order to reargue their position citing different case law. Tishcio, 16 F.Supp.2d at 532 ("[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."). Accordingly, GMAC has not provided any grounds for reconsideration of the Court's Order.

Even if the Court were to consider Wolf,[4] the outcome would remain the same. In Wolf, plaintiffs had agreed to sell on May 11, 1964, two properties to the State of New Jersey for $27,000 in lieu of condemnation proceedings. 241 A.2d at 30. On October 8, 1964, a fire destroyed one of the properties. Id. On March 4, 1965, plaintiffs were paid the agreed upon price of $27,000, despite the one property having been destroyed by fire. Id.

The court found that plaintiffs held full legal title to

---

discussion of the relevant case law and did not treat the issue sua sponte.

[4]     The Court notes that Wolf, a state court trial decision, is not binding on this Court. See Houbigant, Inc. v. Federal Ins. Co., 374 F.3d 192, 199 (3d Cir. 2004) (determining that the court is not required to follow New Jersey appellate court division decision) (relying on C.I.R. v. Bosch's Estate, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) for the proposition that "the ruling of a 'lower state court[ ]' is 'not controlling ... where the highest court of the State has not spoken on the point.'").

the insured premises on the date of the fire and sustained a "loss" on that date.  Id. at 37-38.  The court found that on the date of loss, the State could have abandoned the sale and that the determination of an insured's loss should not be made to wait the unknown outcome of a future sale.  Id. at 39-40.

The facts in Wolf are distinguishable from this case. Here, GMAC never held title to the property.  As the mortgagee, it agreed to a short sale of the property, *after* the date of loss, as payment in full and final satisfaction of the mortgage.  Not only is Wolf distinguishable, the New Jersey state court acknowledged that a mortagee seeking to recover on an insurance policy presents a different situation.  Id. at 37.  In Wolf, the court cited to Milwaukee Mechanics Ins. Co. v. Maples, 37 Ala.App. 74, 66 So.2d 159 (Ala.App. 1953) which followed an Alabama Supreme Court ruling that where the mortgagee sought to recover on the policy, "the purchase of the property for the full amount of the debt satisfied the mortgage and the mortgagee was not entitled to recover more." Id.  The court went on to explain that "the mortgagee's insurable interest is the debt" and that "[s]uch interest diminishes as the debt is paid, and becomes nonexistent when the debt is paid in full."  Id.

Here, although GMAC sustained a loss, it agreed to sell the property as full and final satisfaction of the mortgage.  See Alesi, 2011 WL 6935015, at *14.  Accordingly, GMAC has not provided

7

any grounds for the Court to reconsider its order.

## **CONCLUSION**

GMAC's motion for reconsideration will be denied.  An Order will be filed consistent with this Opinion.


    s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated:   July 20, 2012

At Camden, New Jersey